IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAUREEN BEAUMONT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 20-234 |
| | ) | |
| | ) | |
| ALLEGHENY COUNTY EMERGENCY | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Maureen Beaumont brings this civil rights action pursuant to 42 U.S.C. § 1983 arising out of the termination of her employment as a 911 dispatcher for Defendant Allegheny County Emergency Services.[1] She asserts a claim of retaliation under the First Amendment as well as a cause of action under the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421-28.

Currently pending before the Court are two motions. On July 6, 2020, Defendant filed a motion to dismiss the Amended Complaint (ECF No. 21). In response, Plaintiff moved to amend the Amended Complaint (ECF No. 24), which Defendant has opposed. For the reasons that follow, the motion to amend will be granted and the motion to dismiss will be dismissed as moot.

**I.   Relevant Procedural History**

Plaintiff commenced this action in the Court of Common Pleas of Allegheny County on July 15, 2019. On February 14, 2020, Defendant removed the case to this Court on the basis of federal question jurisdiction because of the civil rights claim, 28 U.S.C. § 1331.[2] In Count I,

---

[1] Defendant has indicated that it has been improperly identified and that the proper defendant is "Allegheny County." Neither Plaintiff's prior amendments to the case nor her proposed amendment have changed the name, however.

[2] Plaintiff originally filed a notice of removal on July 26, 2019 and the case was assigned Civ. A.

Plaintiff alleges that Defendant violated her rights under the First Amendment by terminating her employment in retaliation for her reporting that a co-worker was sleeping on the job and acting in a hostile manner toward her. In Count II, she alleges that her termination violated the Whistleblower Law.

On May 8, 2020, Defendant filed a motion to dismiss (ECF No. 8). In response, Plaintiff filed an Amended Complaint (ECF No. 20), and the motion to dismiss became moot.

Defendant subsequently filed a motion to dismiss the Amended Complaint (ECF No. 21). In turn, Plaintiff moved to amend the Amended Complaint (ECF No. 24), which Defendant has opposed on the basis of futility (ECF No. 25).

## II.    Discussion

Defendant argued that Plaintiff's Amended Complaint was deficient because it failed to allege a basis for municipal liability, did not  state a claim for First Amendment retaliation because Plaintiff's alleged speech was part of her job duties, and also failed state a claim under the Whistleblower Law because while Plaintiff alleged "wrongdoing, " she did not cite any specific statute, regulation, ordinance or code of conduct or ethics that were violated.

In response to Defendant's position regarding the lack of any basis for municipal liability, Plaintiff's proposed Second Amended Complaint adds five individual defendants who acted as policy makers. In addition, she contends, reporting misconduct by her co-worker was not part of her job responsibilities and reporting governmental inefficiency and misconduct is a matter of

---

No. 19-918. However, Defendant objected on the ground that only defendants may remove cases to federal court, 28 U.S.C. § 1441(a), and the case was eventually remanded to state court upon the joint motion of the parties on January 16, 2020. Defendant then filed a notice of removal within 30 days of the remand order, 28 U.S.C. § 1446(b)(3). It did not indicate that the case was related to the prior case and therefore the case was assigned a new case number and randomly assigned to the undersigned.

public concern.

Defendant argues that it would be futile to permit Plaintiff to further amend her claims because the proposed individual defendants would be entitled to qualified immunity. Further, according to Defendant, allowing amendment at this time would subject it to undue delay and prejudice.

Under Federal Rule of Civil Procedure 15, a party may further amend its pleading only with the consent of the opposing party or by leave of the court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court can deny amendment for various reasons, including where there has been a repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or the amendment would be futile. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). When considering whether an amendment would be futile, the legal standard is the same as the standard that applies to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

As Plaintiff observes, Defendant's argument about undue delay and prejudice is unavailing. While admittedly there have been delays since this action was first filed in the Court of Common Pleas, this case remains at an early stage. The claims are the same as asserted in the Amended Complaint. The events at issue are alleged to have occurred in 2018 and 2019. Assuming that this lawsuit proceeds beyond the motion to dismiss stage, Defendant will have sufficient time to engage in discovery. As such, Defendant has not demonstrated that it would sustain undue prejudice if further amendment is permitted.

With respect to Defendant's argument about futility, the Court is unable to conclude on the current state of the record that amendment would be futile and therefore, making any determination about the merits, or lack thereof, of the claims asserted in Second Amended Complaint without

full briefing by the parties would be premature.

Therefore, it is hereby ORDERED that Plaintiff's motion to amend (ECF No. 24) is GRANTED. No further amendments will be permitted. It is further ORDERED that the motion to dismiss filed by Defendant (ECF No. 21) is dismissed as moot.

SO ORDERED this 1st day of September, 2020.

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge