IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAUREEN BEAUMONT, | ) | Civil Action No. 2:20-cv-00234 |
| | ) | |
| Plaintiff, | ) | HONORABLE PATRICIA L. DODGE |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEGHENY COUNTY | ) | |
| EMERGENCY SERVICES, | ) | JURY TRIAL DEMANDED |
| MATTHEW J. BROWN, | ) | |
| REBECCA FRAZIER, | ) | |
| TOM MCDONOUGH, | ) | |
| DONALD SAND, and | ) | |
| STEVE PILARSKI, | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

SECOND AMENDED COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, MAUREEN BEAUMONT, by and through her attorneys, LAW, OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Second Amended Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claim is proper pursuant to 28 U.S.C.A. § 1367.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

4.      Plaintiff, Maureen Beaumont, is an adult individual who resides in Allegheny County.

5.      Defendant, Allegheny County Emergency Services ("County"), was, and is, a division of Allegheny County, a Pennsylvania municipal corporation, and is located at 150 Hookstown Grade Road, Moon, Pa 15208.

6.      At all times relevant hereto, Allegheny County 9-1-1 Center was, and is, owned and operated by Allegheny County as a part of Defendant County.

7.      Defendant, Matthew J. Brown ("Brown"), is now, and was at all times relevant to Plaintiff's claims, employed by Defendant County as Chief of Allegheny County Emergency Services, and purporting to act within the full scope of his authority and office and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of Allegheny County.

8.      Defendant, Rebecca Frazier ("Frazier"), is now, and was at all times relevant to Plaintiff's claims, employed by Defendant County as Assistant Chief of Allegheny County Emergency Services, and purporting to act within the full scope of his authority and office and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of Allegheny County.

9.      Defendant, Tom McDonough ("McDonough"), is now, and was at all times relevant to Plaintiff's claims, employed by Defendant County as Communications Manager of Allegheny County Emergency Services, and purporting to act within the full scope of his authority and office and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of Allegheny County.

10. Defendant, Donald Sand ("Sand"), is now, and was at all times relevant to Plaintiff's claims, employed by Defendant County as 911 Division Chief of Allegheny County Emergency Services, and purporting to act within the full scope of his authority and office and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of Allegheny County.

11. Defendant, Steve Pilarski ("Pilarski"), is now, and was at all times relevant to Plaintiff's claims, the duly appointed Deputy County Manager of Allegheny County, employed by Allegheny County, and purporting to act within the full scope of his authority and office and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of Allegheny County.

## FACTUAL ALLEGATIONS

12. Plaintiff has been employed by the Defendant as a dispatcher at the Allegheny County 9-1-1 Center since in or about May of 2015.

13. On or about September 25, 2018, Plaintiff made a good faith report of wrongdoing on the part of another dispatcher, Jessica Bayton ("Bayton"). Plaintiff reported to various shift commanders, including, but not limited to, Andrea Simon ("Simon") and/or Patrick Merkel ("Merkel"), that Ms. Bayton regularly slept during her shift as a dispatcher.

14. Sometime shortly thereafter, Plaintiff repeated her good faith report of wrongdoing on the part of Ms. Bayton to Defendant McDonough.

15. At the time of her reports, Plaintiff did not hold a supervisory role at Defendant County, nor did Plaintiff's report of Ms. Bayton's wrongdoing did not fall within the scope of her job responsibilities.

16. Plaintiff made these reports in her capacity as a concerned citizen, not in her capacity as an employee of Allegheny County.

17. Ms. Bayton's habit of sleeping while on duty was a matter of public concern, as it was done while Ms. Bayton was responsible for taking 9-1-1 calls. Ms. Bayton's actions also created a public safety issue for members of Plaintiff's community.

18. Plaintiff believes, and therefore avers, that Ms. Bayton's actions also violated Defendant County's code of conduct and/or internal operating procedures designed to safeguard its employees and the public at large.

19. On or about November 3, 2018, Plaintiff again made a good faith report of wrongdoing on the part of Ms. Bayton. Plaintiff reported to her shift commander, including but not limited to Ms. Simon and/or Mr. Merkel, that Ms. Bayton was behaving in a hostile manner towards Plaintiff and other employees of the Defendant.

20. At that time, Plaintiff did not hold a supervisory role at Defendant County, nor did Plaintiff's report of Ms. Bayton's wrongdoing did not fall within the scope of her job responsibilities.

21. Plaintiff made this report in her capacity as a concerned citizen, not in her capacity as an employee of Allegheny County.

22. Ms. Bayton's behavior was a matter of public concern, as her hostility in the workplace affected Defendant's employees' ability to perform their job duties, thus creating a public safety risk for members of the community.

23. Plaintiff believes, and therefore avers, that Ms. Bayton's actions also violated Defendant County's code of conduct and/or internal operating procedures designed to safeguard its employees and the public at large.

24. On or about November 13, 2018, shortly after she arrived for her shift, Plaintiff was approached by her union representative and was called to a pre-disciplinary hearing.

25. Neither Plaintiff, nor Plaintiff's union representative, were properly notified and/or informed of the purpose of this hearing prior to its occurrence.

26. During this hearing, Plaintiff was informed by Defendant's representative, Defendant Frazier and/or Defendant Sand, that she had been accused of going through Ms. Bayton's personal belongings on October 26, 2018. This was, and is, materially false.

27. It was also alleged that, on that date, items belonging to Ms. Bayton were stolen by the Plaintiff. This was, and is, materially false.

28. At that time, Plaintiff was not informed of the identity of the witness to Plaintiff's alleged wrongdoing.

29. Thereafter, Defendant Frazier suspended the Plaintiff, pending termination, as a direct result of the false claims against her.

30. In her capacity of Assistant Chief of Allegheny County Emergency Services, Defendant Frazier purported to act as a policymaker who possessed final authority regarding personnel issues when she suspended the Plaintiff, pending termination.

31. Plaintiff believes, and therefore avers, that the reason provided by the Defendant for her suspension is pretextual and unworthy of belief.

32. Plaintiff also believes, and therefore avers, that her suspension was taken by the Defendant in retaliation for Plaintiff's good faith reports of Ms. Bayton's wrongdoing, described hereinbefore above.

33. Plaintiff had not been subjected to any disciplinary action by the Defendant prior to the incident described hereinbefore above.

34. Plaintiff and Ms. Bayton work in an area visible to others. Approximately thirteen (13) witnesses provided written statements informing Defendant County that they did not observe any wrongdoing on the part of the Plaintiff on the date in question.

35. Furthermore, no video footage supporting the false accusations against the Plaintiff was ever presented, although several cameras are located in the room to which the Plaintiff is assigned.

36. Additionally, a human resources employee informed other employees that management was targeting the Plaintiff.

37. Moreover, Plaintiff did not work with Ms. Bayton on the date in question.

38. In response to her unjustifiable suspension, Plaintiff filed a grievance with her union in accordance with her collective bargaining agreement.

39. After Plaintiff informed her union representative that she did not work with Ms. Bayton on October 26, a representative of Defendant County altered the date of Plaintiff's alleged wrongdoing to October 25, 2018.

40. On or about November 27, 2018, at a termination hearing in accordance with Plaintiff's collective bargaining agreement, Defendant County's representative changed the date of Plaintiff's wrongdoing, for a second time, from October 25, 2018 to September 25, 2018.

41. Moreover, at this hearing, Defendant County's representative informed the Plaintiff that Ms. Bayton's items were no longer alleged to be stolen.

42. At this time, Plaintiff was again not provided with the witness who made the allegations against her.

43. Defendants Brown, Frazier, Sand and McDonough attended Plaintiff's termination hearing on behalf of Defendant County.

44. In their capacities as command staff for Allegheny County Emergency Services, Defendants Brown, Frazier, Sand and McDonough purported to act as policymakers with final authority regarding personnel issues when they made decisions regarding Plaintiff's employment status.

45. On or about December 17, 2018, at a step III grievance hearing held in accordance with Plaintiff's collective bargaining agreement, it was alleged that Plaintiff went through Ms. Bayton's notebook. Defendant's claim is, and was, materially false.

46. Defendants Brown, Frazier and Pilarski attended Plaintiff's step III grievance hearing on behalf of Defendant County.

47. In their capacities as command staff for Allegheny County Emergency Services, and as Deputy County Manager, Defendants Brown, Frazier and Pilarski purported to act as policymakers with final authority regarding personnel issues when they made decisions regarding Plaintiff's employment status.

48. On or about January 8, 2019, Plaintiff was terminated by Defendant Pilarski for allegedly harassing Ms. Bayton.

49. In his capacity as Deputy County Manager of Allegheny County, Defendant Pilarski purported to act as a policymaker who possessed final authority regarding personnel issues when he terminated Plaintiff's employment.

50. Prior to this date, Plaintiff had not been accused of harassing Ms. Bayton. Defendant County's claim was, and is, materially false.

51. Plaintiff believes, and therefore avers, that the reason provided by Defendant County for her termination is pretextual and unworthy of belief.

52.     Plaintiff also believes, and therefore avers, that her termination was taken by Defendant County in retaliation for Plaintiff's good faith reports of Ms. Bayton's wrongdoing, as described hereinbefore above.

53.     On or about April 16, 2019, a neutral arbiter determined that Plaintiff had been wrongfully terminated by Defendant County.  Thereafter, Defendant County was ordered to reinstate the Plaintiff to her previous position as dispatcher.

COUNT I:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST AMENDMENT
TO THE UNITED STATES CONSTITUTION

RETALIATION

54.     Plaintiff incorporates by reference Paragraphs 1 through 53 as though fully set forth at length herein.

55.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the above-captioned Defendants for violation of Plaintiff's constitutional rights under color of law.

56.     At all times relevant hereto, Plaintiff had the right to be free from retaliation based on her right to freedom of speech.

57.     As described hereinbefore above, Plaintiff spoke to shift commanders as a concerned private citizen and made good faith reports of Ms. Bayton's wrongdoing, which presented a public safety risk to members of Plaintiff's community.

58.     Plaintiff's right to be free from retaliation for exercising her right to freedom of speech was violated when the Plaintiff was suspended and ultimately terminated from her employment

with Defendant County as a direct result of Plaintiff's complaints regarding Ms. Bayton's wrongdoing.

59. Defendants County, Brown, Frazier, McDonough, Sand and/or Pilarski had no adequate justification for their improper, unwarranted and unlawful actions towards the Plaintiff.

60. Defendants' actions deprived the Plaintiff of rights guaranteed to her by the First Amendment.

61. The actions of the individual Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants, and each of them, to punitive damages.

62. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant, Plaintiff suffered the following injuries and damages:

   a. Plaintiff's right under the First Amendment to the United States Constitution to be free from retaliation was violated;

   b. loss of employment with Defendant for several months;

   c. loss of social security and 401k income accrued during the time of her suspension and termination;

   d. stress and emotional suffering;

   e. economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual

Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT COUNTY

VIOLATION OF THE,
PENNSYLVANIA WHISTLEBLOWER ACT, 43 P.S. §142,1 *et. seq.*

<u>RETALIATION</u>

63. Plaintiff incorporates by reference Paragraphs 1 through 62 as though fully set forth at length herein.

64. Plaintiff claims damages for the injuries set forth herein against Defendant County for violations of the Plaintiff's rights under 43 P.S. §142, *et. seq.*

65. At all times relevant hereto, pursuant to the Pennsylvania Whistleblower Act, Plaintiff had the right to be free from retaliation for making a good faith report of wrongdoing by an employee of Defendant County.

66. As described hereinbefore above, Plaintiff made complaints regarding wrongdoing within the 9-1-1 Center.

67. Plaintiff's right to be free from retaliation was violated when she was suspended and terminated from her employment with Defendant County as a direct result of Plaintiff's complaints regarding the wrongdoing within the 9-1-1 center.

68. Defendant County had no adequate justification for its improper, unwarranted and unlawful actions towards the Plaintiff.

69.     Defendant County's actions deprived the Plaintiff of rights guaranteed to her by the Pennsylvania Whistleblower's Act.

70.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant County, Plaintiff suffered the following injuries and damages:

    a.  Plaintiff's right under the Pennsylvania Whistle Blower's Act to be free from retaliation was violated;

    b.  loss of employment with Defendant for several months;

    c.  loss of social security and 401k income accrued during the time of her suspension and termination;

    d.  stress and emotional suffering;

    e.  economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant County in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Law Offices of Joel Sansone
        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: September 1, 2020