IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAUREEN BEAUMONT,

        Plaintiff,

vs.

ALLEGHENY COUNTY
EMERGENCY SERVICES[1],
MATTHEW J. BROWN,
REBECCA FRAZIER,
TOM MCDONOUGH,
DONALD SAND, and
STEVE PILARSKI,

        Defendants.

20-cv-00234-PLD

### ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Pursuant to FED. RULE CIV. P. 7 and 8, Defendants file this ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT:

### JURISDICTION AND VENUE

1. This paragraph sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is deemed necessary, it is denied.

2. This paragraph sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is deemed necessary, it is denied.

---

[1] Allegheny County improperly identified as Allegheny County Emergency Services

3. This paragraph sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is deemed necessary, it is denied.

## PARTIES

4. This averment is denied because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.

5. Admitted and denied. It is admitted that Allegheny County Emergency Services is an administrative division of Allegheny County. It is admitted that Allegheny County Emergency Services department is currently located at 150 Hookstown Grade Road, Moon, Pa 15208. The remainder of this averment is denied.

6. Admitted and denied. It is admitted that the Allegheny County 9-1-1 call center is operated by Allegheny County Emergency Services. It is admitted that Allegheny County Emergency Services is a division of Allegheny County. The remainder of this averment is denied.

7. Admitted and denied. It is admitted that Defendant, Matthew J. Brown, is now, and was at all times relevant to Plaintiff's claims, employed by Allegheny County as Chief of Allegheny County Emergency Services. The remainder of this averment contains conclusions of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

8. Admitted and denied. It is admitted that Defendant, Rebecca Frazier, is now, and was at all times relevant to Plaintiff's claims, employed by Allegheny County as Assistant Chief of Allegheny County Emergency Services. The remainder of this averment contains conclusions

of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

9. Admitted and denied. It is admitted that Defendant, Tom McDonough, is now, and was at all times relevant to Plaintiff's claims, employed by Allegheny County as Communications Manager of Allegheny County Emergency Services. The remainder of this averment contains conclusions of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

10. Admitted and denied. It is admitted that Defendant, Donald Sand, is now, and was at all times relevant to Plaintiff's claims, employed by Allegheny County as Division Chief of Allegheny County Emergency Services. The remainder of this averment contains conclusions of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

11. Admitted and denied. It is admitted that Defendant, Steve Pilarski, is now, and was at all times relevant to Plaintiff's claims, employed by Allegheny County as Deputy County Manager of Allegheny County. The remainder of this averment contains conclusions of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

### FACTUAL ALLEGATIONS

12. This averment is admitted.

13. This averment contains conclusions of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

14. Denied.

15. Admitted and denied. It is admitted that Plaintiff did not have a supervisory role. It is specifically denied that the alleged reports did not fall within the scope of Plaintiff's job

responsibilities.

16.     This averment contains conclusions of law to which no answer is required.  To the extent a response is deemed necessary, it is denied.

17.     This averment contains conclusions of law to which no answer is required.  To the extent a response is deemed necessary, it is denied.

18.     This averment is denied because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.

19.     This averment contains conclusions of law to which no answer is required.  To the extent a response is deemed necessary, it is denied.

20.     Admitted and denied.  It is admitted that Plaintiff did not have a supervisory role.  It is specifically denied that the alleged report did not fall within the scope of Plaintiff's job responsibilities.

21.     This averment contains conclusions of law to which no answer is required.  To the extent a response is deemed necessary, it is denied.

22.     This averment contains conclusions of law to which no answer is required.  To the extent a response is deemed necessary, it is denied.

23.     This averment is denied because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.

24.     This averment is denied because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.

25.     Denied.

26. Admitted and denied. It is admitted that during the meeting Plaintiff was informed that she had been accused of going through a co-worker's personal belongings. The remainder of this averment is denied.

27. This averment is denied because Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.

28. Admitted.

29. Admitted and denied. It is admitted that Plaintiff was suspended pending a termination hearing. The remainder of this averment is denied.

30. This averment contains conclusions of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

31. This averment contains conclusions of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

32. This averment contains conclusions of law to which no answer is required. To the extent a response is deemed necessary, it is denied.

33. Denied.

34. Denied.

35. Admitted and denied. It is admitted that no video footage was presented. The remainder of the averments in this paragraph are denied.

36. Denied.

37. Denied.

38. Admitted and denied. It is admitted that Plaintiff filed a grievance. The remainder of the averments in this paragraph are denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted.

43. Admitted and Denied. It is admitted that Defendants Brown, Frazier, Sand and McDonough attended Plaintiff's termination hearing. The remainder of the averments in this paragraph are denied.

44. This averment is a conclusion of law to which no response is required. To the extent a response is deemed necessary, it is denied.

45. Admitted and denied. It is admitted that a step III grievance hearing was held in accordance with Plaintiff's collective bargaining agreement on or about December 17, 2018. The remainder of the averments in this paragraph are denied.

46. Admitted and denied. It is admitted that Defendants Brown, Frazier, and Pilarski attended Plaintiff's step III grievance hearing. The remainder of the averments in this paragraph are denied.

47. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

48. Admitted and denied. It is admitted that Plaintiff was terminated on or about January 8, 2019. The remainder of the averments in this paragraph are denied.

49. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

50. Denied.

51. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

52.     This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

53.     Admitted and denied. It is admitted that a neutral arbitrator sustained Plaintiff's grievance and ordered Plaintiff to be reinstated to her position as a telecommunications officer. The remainder of the averments in this paragraph are denied.

**COUNT I**
**PLAINTIFF V. ALL DEFENDANTS**
**42 U.S.C §1983 FIRST AMENDMENT RETALIATION**

54.     Defendants incorporate here their Answer and Affirmative Defenses as if fully set forth at length.

55.     This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

56.     This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

57.     This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

58.     This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

59.     This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

60.     This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

61.     This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

62. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied. It is specifically denied that Plaintiff is entitled to any damages.

WHEREFORE, Defendants deny liability and demand judgment in their favor.

### COUNT II
### PLAINTIFF v. DEFENDANT COUNTY
### PENNSYLVANIA WHISTLEBLOWER ACT, 43 P.S. §142, 1ET. SEQ.
### RETALIATION

63. Defendants incorporate here their Answer and Affirmative Defenses as if fully set forth at length.

64. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

65. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

66. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

67. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

68. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

69. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied.

70. This averment contains conclusions of law to which no response is required. To the extent a response is deemed necessary, it is denied. It is specifically denied that Plaintiff is

entitled to any damages. It is specifically denied that Defendant has the right to a jury trial under the Pennsylvania Whistleblower's Act.

WHEREFORE, Defendants deny liability and demand judgment in their favor.

**AFFIRMATIVE DEFENSES**

1. Defendants plead statute of limitations.

2. Defendants plead failure to timely and fully exhaust all available administrative remedies.

3. Defendants plead *res judicata*.

4. Defendants plead *collateral estoppel*.

5. Defendants plead accord and satisfaction.

6. Defendants plead waiver.

7. Defendants plead payment and release.

8. Defendants plead arbitration and award.

9. Defendants plead the defenses, protections and limitations of U.S. Const. amend. 1.

10. Defendants plead the defenses, protections and limitations of 42 U.S.C §1983.

11. Defendants plead the defenses, protections and limitations of the Pennsylvania Whistleblower's Act ("PWA"), 43 P.S. §142, 1et. seq.

12. Plaintiff's complaint fails to state a claim upon which relief may be granted under §1983, U.S. Const. amend. 1, and the PWA.

13. Plaintiff has not engaged in a protected activity under either the U.S. Cont. amend. 1. or the PWA.

14. Defendants raise as affirmative defenses the terms and conditions of any applicable Collective Bargaining Agreement, as well as any applicable side-bar agreements between Allegheny County and any bargaining unit representing Plaintiff's position.

15. Defendants raise as affirmative defenses any applicable arbitrator's decisions, and judicial decisions, made as part of the collective bargaining process.

16. Defendants raise as an affirmative defense Plaintiffs' failure to grieve any and all adverse employment decisions against them.

17. Defendants plead failure to report alleged instances of retaliation, and other alleged wrongs pursuant to Allegheny County's anti-harassment, retaliation, and discrimination policies.

18. Defendants raise the provisions of the Allegheny County handbook as an affirmative defense.

19. Defendants raise the Allegheny County Code as an affirmative defense.

20. Defendants raise as an affirmative defense the policies, practices, and procedures of Allegheny County and its respective departments.

21. Defendants plead absolute, individual, and qualified immunity.

22. Defendants plead no willfulness, outrageous, or reckless conduct.

23. Defendants plead there is no right to punitive damages in this case.

24. Defendants plead there is no right to attorney fees or costs in this case.

25. Defendants plead there is no right to compensatory damages in this case.

26. Defendants plead there is no right to backpay or frontpay in this case.

27. At all times, Defendants acted in good faith and had reasonable grounds for believing actions were in compliance with the applicable laws, thus barring Plaintiff's recovery against the Defendants on her claims.

28. Defendants affirmatively aver that all actions taken in connection with Plaintiff and/or Plaintiff's employment were taken for legitimate, non-retaliatory reasons.

29. Defendants affirmatively aver that Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

30. Defendants affirmatively deny that Plaintiff has sustained any damages.

31. Even if Plaintiff sustained damages, which is specifically denied, the Defendants aver that Plaintiff failed to make reasonable efforts to mitigate damages.

32. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery.

Respectfully submitted,

*/s/ Frances Marie Liebenguth*
Frances Marie Liebenguth
Assistant County Solicitor
Pa. I.D. #314845

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1108

frances.liebenguth@alleghenycounty.us